IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Christopher Odom, | ) | Case No.: 5:17-cv-3022 |
| | ) | |
| Petitioner, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Sheriff Al Cannon, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 11) recommending that this Court dismiss the petition for a writ of habeas corpus in this case without prejudice. For the reasons set forth below, this Court adopts the R. & R. as the order of the Court.

I. **Background and Relevant Facts**

Petitioner Christopher Odom is a pretrial detainee at the Charleston County Detention Center. He has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1], alleging that his constitutional rights were violated when he was charged with a crime in violation of his Miranda rights and was not provided with an attorney to represent him at his initial bond hearing. These allegations appear to be, essentially, the same allegations that were made in another § 2241 petition that Petitioner previously filed in this court. *Odom v. Director*, No. 5:17-cv-01906-RMG-KDW. Petitioner does not indicate that he has raised the alleged failure of his counsel to appear or the alleged violation of his Miranda rights with any court in the State of South Carolina although he does assert that he has exhausted his state remedies because the

---

[1] Petitioner apparently attempted to file a habeas class action on behalf of himself and six other persons. (See Dkt. No. 11 at 1, FN 1.)

"state court does not allow Petitioner to file writ of habeas corpus." (Dkt. No. 1.) Petitioner asks this court to grant him "bond modification immediately." *Id.*

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate Judge's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. Discussion

In *Younger v. Harris,* 401 U.S. 37 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings. From *Younger* and its progeny, the Fourth Circuit Court of Appeals has developed the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal

claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). As the Magistrate Judge explained, Petitioner is currently detained pending disposition of state criminal charges, satisfying the first part of the test. The second part of the test is met because the Supreme Court has noted that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Finally, the Fourth Circuit has addressed the third criterion in noting "'that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). As the Magistrate Judge explained in the R. & R., Petitioner is precluded from federal habeas relief under the doctrine established in *Younger* because he claims that he was improperly given an excessive bond without assistance of counsel, and that claim may be raised by motion in the state court where Plaintiff's criminal case is pending. If the trial court denies such motion and Petitioner is ultimately convicted on the pending charge or charges, he can raise such denial as a ground for relief in a direct appeal and/or in a post-conviction relief application. (Dkt. No. 11 at 3-6.)

No party has filed objections to the R. & R., and the deadline to file objections has passed. In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). This Court finds that the Magistrate Judge has correctly applied the controlling law to the facts of this case.

## IV. Conclusion

For the reasons set forth above, this Court adopts the Magistrate Judge's recommendation (Dkt. No. 11) to dismiss the petition for a writ of habeas corpus without prejudice.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

January 25, 2018
Charleston, South Carolina